————o————

No. 3383.

(Court of Appeal, Parish of Orleans.)

LOUISIANA IMPROVEMENT CO.,vs GEORGE E. MARSHALL.

1. Objections of want of capacity and of prematurity of action are matters which must be pleaded *in limine* and which are. precluded after issue joined by the default ; hence, they may not form the basis of assignments of error here.
2. The presumption of law is that the trial judge acted on sufficient evidence properly received.
3. The paving certificate sued on makes *prima facie* proof of its recitals and of compliance with all antecedent forms and requirements of law.

Appeal from Civil District Court, Division A.

McCloskey and Benedict for Plaintiff and Appellee,

Carroll and Carroll, for Defendant and Appellant,

DUFOUR, J. In this suit for a paving claim there was judg-

154

ment by default from which the defendant has appealed, setting forth as ground of reversal the following alleged errors :

1st. That there is no proof that the plaintiff is a corporation.

2nd. That the Clerk's certificate does not show that certain certificates offered were ever filed.

3rd. That the Court could not give a judgment for cash when certain terms of credit were allowed.

4th. That the evidence does not warrant or justify the judgment.

The First and Third assignments, being respectively objections of want of capacity and prematurity, and matters which must be pleaded in *limine* and which are precluded after issue joined by default.

The second and fourth assignments are answered by the presumption that the district Judge acted on sufficient evidence, and further by the fact that the certificates sued on make *prima facie* proof of its recitals and of compliance with all antecendent forms and requirements of law.

Such *prima facie* proof unrebutted entitled plaintiff to judgment.

Judgment affirmed,